UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE MEDTRONIC, INC. SPRINT FIDELIS LEADS PRODUCTS LIABILITY LITIGATION | MDL NO. 08-1905 (RHK/JSM)<br><br>**ORDER** |

This documents relates to:
**Stack v. Medtronic, Inc., et al., 08-cv-965**
**Graziani v. St. Jude Medical, et al., 08-cv-1207**
**Riels v. Medtronic, Inc., et al., 08-cv-1915**
**Hayes v. Medtronic, Inc., et al., 08-cv-4739**
**Richards v. Medtronic, Inc., et al., 09-cv-294**
**Cooley v. Medtronic, Inc., et al., 09-cv-952**
**Rosado-Rosado v. Medtronic, Inc., et al., 09-cv-1874**
**Cruz v. Medtronic, Inc., et al., 09-cv-2117**
**Vidales v. Medtronic, Inc., et al., 09-cv-3450**
**Egan-Alford v. Medtronic, Inc., et al., 10-cv-347**
**Reso v. HCA Health Services, et al., 10-cv-2055**
**Soderberg v. Medtronic, Inc., et al., 10-cv-2253**
**Creighton v. Medtronic, Inc., et al., 10-cv-4325**
**Lawson v. Medtronic, Inc., et al., 10-cv-4841**
**Foley v. Medtronics, Inc., 11-cv-1589**

This matter is before the Court on Plaintiffs' Lead Counsel's Amended Motion to Remand, seeking an Order suggesting to the Judicial Panel on Multidistrict Litigation ("JPML") that the remaining claims in these actions be remanded to their respective transferor courts and that this Multidistrict Litigation ("MDL 1905") be dissolved.

MDL 1905, which concerns alleged defects in Medtronic's Sprint Fidelis defibrillator leads (wires), was initiated in this Court pursuant to an initial Transfer Order from the JPML on February 21, 2008.  The JPML created MDL 1905 because "centralization . . . [would] serve the convenience of the parties and witnesses and

promote the just and efficient conduct of this litigation," as dozens of cases regarding the leads were then pending against Medtronic in federal courts across the country. The JPML subsequently transferred hundreds of additional cases to MDL 1905 for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407.

MDL 1905 proceeded with dispositive motion practice in this Court and a subsequent appeal to the United States Court of Appeals for the Eighth Circuit. In the course of these proceedings, the parties entered into settlement negotiations, ultimately culminating in a confidential settlement agreement of claims on a case-by-case basis as the claimant chose. Pursuant to the agreement, Medtronic and virtually all of the MDL Plaintiffs (hereinafter referred to as the "Settling Plaintiffs") have agreed to compromise and conclude the MDL and resolve all but a handful of the related cases and claims.

No party has admitted liability for, or the validity of, any claims or defenses asserted in or related to the MDL in compromising claims or suggesting remand. The Plaintiffs' Steering Committee (the "PSC"), Settling Plaintiffs, and Medtronic have agreed that dissolution of MDL 1905 is in the best interests of the parties and have requested such dissolution as part of their Settlement.

As can be seen on attached Exhibit A, only 6 out of more than 900 cases comprising MDL 1905 remain with claims against Medtronic. In addition, as indicated on attached Exhibit B, only 9 cases with claims against non-Medtronic defendants, but asserting claims related to Sprint Fidelis leads, remain pending. Given the limited number of cases left before it and the procedural posture of the litigation, the Court does not believe that continued centralization in the District of Minnesota would "serve the

convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." Any discovery in the remaining cases is unlikely to overlap in substantial measure, and the issues to be tried in most of those cases are unique.

By Order dated October 26, 2011, the Court permitted any party objecting to remand to file such objection on or before November 9, 2011. No objections have been received by the Court.

Based on the foregoing, and all the files, records, and proceedings herein, the Court finds that MDL 1905 has fulfilled the objectives set forth in 28 U.S.C. § 1407 and that dissolution of this MDL will serve the interests of the parties, judicial economy, and convenience at this time. Accordingly, Plaintiffs' Lead Counsel's Amended Motion to Remand is **GRANTED**, and the Court hereby **SUGGESTS** to the Judicial Panel on Multidistrict Litigation that this MDL is functionally concluded and that the cases identified on attached Exhibits A and B be **REMANDED** to their respective transferor District Courts. The Clerk of this Court is **DIRECTED** to file a copy of this Order in the docket in each case identified on attached Exhibits A and B, as well as in the docket of MDL 1905, and is further **DIRECTED** to provide a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation.

Dated: November 10, 2011   s/Richard H. Kyle
　　　　　　　　　　　　　　RICHARD H. KYLE
　　　　　　　　　　　　　　United States District Judge